IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Chem-Nuclear Systems, LLC, a Delaware limited liability company, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Alfred C. Abernethy, *et al.*, )<br>)<br>Defendants. )<br>_____) | C/A No.: 3:03-3915-CMC<br><br>ORDER AND OPINION |

This matter is before the court on Defendants' motion for summary judgment (Dkt No. 86). Most issues raised in that motion were resolved by oral ruling on June 22, 2005. The court, however, held the issue of whether Plaintiffs' claim for breach of contract accompanied by a fraudulent act was barred by the statute of limitations under advisement, requesting further briefing on that issue. Having received that briefing, the court now denies Defendants' motion for summary judgment on this issue. That is, the court concludes that the claim is not barred as a matter of law and that there are genuine issues of material fact as to when Plaintiffs were first on notice of this claim.

Defendants initially posed the issue as whether claims for breach of contract and breach of contract accompanied by a fraudulent act are separate causes of action. As Defendants correctly conclude, they are not. *See, e.g., Edens v. Goodyear Tire and Rubber Co.,* 858 F.2d 198 (4th Cir. 1988). This is not, however, the issue.

Defendants alternatively posit that discovery of evidence of a fraudulent act accompanying a breach of contract cannot be used to revive a breach of contract claim as to which the statute of limitations has expired. This is because the accrual of additional damages does not revive the expired claim. *See Dean v. Ruscon Corp.,* 468 S.E.2d 645, 647 (S.C. 1996) (statute begins to run

when a reasonable person of common knowledge and experience would be on notice of his claim, it is not necessary that he comprehend the full extent of his damages). Again, Defendants are correct in their statement of the law, but ask the wrong question.

The correctly framed issue is whether discovery of acts allegedly constituting breach of one provision of a contract (as alleged in the earlier filed related action, CA. No. 3:03-441-CMC), starts the statute of limitations running on a claim based on already committed but as-yet undiscovered acts which allegedly constitute breach of a separate provision of the same contract (as alleged in this action).[1] So framed and considered in light of the particular facts of this case, the answer is in the negative. That is, the court concludes that because where the underlying contract involves a variety of distinct obligations of an ongoing nature, some being affirmative duties and some prohibitions, discovery of acts which may constitute breach of one section of a contract (alleged violations of prohibitions on competition and disclosure of confidential business information) does not automatically start the statute of limitations running as to unknown distinct acts which may constitute breach of a separate section of the same contract (obligations relating to ownership of copyrightable works).

This is not to say that knowledge of the first known breach may not be some evidence supporting a finding that Plaintiffs were on inquiry notice of the second breach. Rather, it is only a determination that what evidence has been presented to date does not support entry of summary judgment in Defendants' favor on the question of the statute of limitations. For these reasons, the

---

[1] Defendants address this issue only on reply, acknowledging that "sometimes separate causes of action can be successfully maintained for multiple breaches of the same contract," and that "whether this is permitted normally depends on the type contract involved." Defendants' Reply memorandum at 2 (citing 9-53 *Corbin on Contracts* § 955 (Matthew Bender & Co., Inc., 2005). *See also id.* (conceding that multiple claims would be allowed if the contract were "divisible," calling for "multiple performances due at separate times").

court denies Defendants' motion for summary judgment on the issue of whether the statute of limitations bars Plaintiffs' claim for breach of contract accompanied by a fraudulent act.

The parties' memoranda also suggest disagreement as to the court's rulings regarding which alleged fraudulent acts survived the motion for summary judgment. While the court expressed some concern as to whether certain of the other allegations could ultimately be found to constitute fraudulent acts, the only allegation precluded by the oral ruling related to the alleged registration of the website under the name of a non-existent corporation.

## CONCLUSION

For the reasons set forth above, the court amends its earlier oral ruling as to Defendants' motion for summary judgment to deny the motion to the extent it rests on a statute of limitations defense.

**IT IS SO ORDERED.**

                      s/Cameron McGowan Currie
                      CAMERON MCGOWAN CURRIE
                      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 20, 2005